UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA )
 )
v. )
 )
CHRISTOPHER JOSEPH JOHNSON and )
CHAD WHITSON )

2:22-CR- 6
JUDGE GReeR/WYRick
TO BE SEALED

## INDICTMENT

### COUNT ONE

The Grand Jury charges that on or about May 14, 2021, within the Eastern District of Tennessee, the defendant, CHRISTOPHER JOSEPH JOHNSON, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely, a SCCY, model CPX-9, 9mm semiautomatic pistol, that firearm having been transported in interstate commerce.

[18 U.S.C. § 922(g)(1)]

### COUNT TWO

The Grand Jury further charges that on or about May 14, 2021, within the Eastern District of Tennessee, the defendant, CHAD WHITSON, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely, a Hi-Point, model 995, 9mm carbine, that firearm having been transported in interstate commerce.

[18 U.S.C. § 922(g)(1)]

### COUNT THREE

The Grand Jury further charges that on or about May 14, 2021, within the Eastern District of Tennessee, the defendant, CHRISTOPHER JOSEPH JOHNSON, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess

a firearm, namely, a Raven Arms, model P-25, 25 auto caliber semiautomatic pistol, that firearm having been transported in interstate commerce.

[18 U.S.C. § 922(g)(1)]

## COUNT FOUR

The Grand Jury further charges that on or about May 14, 2021, within the Eastern District of Tennessee, the defendant, CHRISTOPHER JOSEPH JOHNSON, did knowingly, intentionally and without authority possess with the intent to distribute methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

## COUNT FIVE

The Grand Jury further charges that on or about May 14, 2021, within the Eastern District of Tennessee, the defendant, CHRISTOPHER JOSEPH JOHNSON, did knowingly possess a firearm in furtherance of the drug trafficking offense as charged in Count Four, in violation of Title 21, United States Code, Section 841(a)(1), which is hereby incorporated by reference.

[18 U.S.C. § 924(c)(1)(A)]

## **FORFEITURE ALLEGATIONS**

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of an offense in violation Title 21, United States Code, Section 841 as set forth in Count Four of this Indictment, the defendant, CHRISTOPHER JOSEPH JOHNSON, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property used, and intended to be used, to commit, and to facilitate the commission of a violation of Title 21, United States Code, Section 841, and any and all property constituting and derived from any proceeds obtained, directly and indirectly, as a result of a violation of Title 21, United States Code, Section 841,

including, but not limited to the following firearms and ammunition involved in or used in the commission of the offense:

**FIREARMS**

    a. A Hi- point model 995, 9 mm. carbine, SCCY, model CPX-2;

    b. A 9 mm. semi-automatic pistol;

    c. A Raven Arms, Model P-25, .25 auto caliber semi-automatic pistol; and

    d. Ammunition.

3. Upon conviction of an offense in violation of Title 18, United States Code, Sections 922 and/or 924 as set forth in Counts One through Three and Five of this Indictment, the defendants, CHRISTOPHER JOSEPH JOHNSON and CHAD WHITSON, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offense, including but not limited to:

**FIREARMS**

    a. A Hi- point model 995, 9 mm. carbine, SCCY, model CPX-2;

    b. A 9 mm. semi-automatic pistol;

    c. A Raven Arms, Model P-25, .25 auto caliber semi-automatic pistol; and

    d. Ammunition.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without

difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

TRUE BILL:

FOREPERSON

FRANCIS M. HAMILTON III
United States Attorney

By: _____
Andrew C. Parker
Assistant U.S. Attorney